[Cite as *State v. Cunningham*, 2016-Ohio-3050.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| NICHOLAS CUNNINGHAM | : | Case No. 2015CA00224 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:                Appeal from the Court of Common
                                        Pleas, Case No. 2015CR0494

JUDGMENT:                               Affirmed

DATE OF JUDGMENT:                       May 16, 2016

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

JOHN D. FERRERO                                 EUGENE O'BYRNE
Prosecuting Attorney                            101 Central Plaza South
By: KRISTINE BEARD                              Canton, OH  44702
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, OH  44702-1413

*Farmer, P.J.*

{¶1} On April 14, 2015, the Stark County Grand Jury indicted appellant, Nicholas Cunningham, on one count of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from incidents in 2010 between appellant and a victim less than thirteen years old.

{¶2} On April 29, 2015, appellant requested a competency evaluation which the trial court granted. Appellant was evaluated by Dr. Lynn Luna Jones who concluded appellant was competent to stand trial.

{¶3} On July 7, 2015, appellant requested a second competency evaluation which the trial court granted. Appellant was evaluated by Dr. Robert Devies who concluded appellant was not competent to stand trial.

{¶4} Hearings on the issue of competency were held on September 23, and October 6, 2015. At the conclusion of the hearings, the trial court found appellant competent to stand trial.

{¶5} On October 6, 2015, appellant pled no contest to an amended count of sexual battery in violation of R.C. 2907.03 and the gross sexual imposition count. By judgment entry filed October 16, 2015, the trial court found appellant guilty and ordered a presentence investigation. By judgment entries filed November 4 and 18, 2015, the trial court sentenced appellant to an aggregate term of thirty-six months in prison.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶7} "THE TRIAL COURT'S DETERMINATION THAT APPELLANT WAS COMPETENT TO STAND TRIAL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN LIGHT OF THE OVERWHELMING COMPETENT, CREDIBLE EVIDENCE DEMONSTRATING APPELLANT'S SUBSTANTIAL COGNITIVE, PSYCHOSOCIAL PSYCHIATRIC, AND INTELLECTUAL DEFECTS AND DISABILITIES."

I

{¶8} Appellant claims the trial court's determination that he was competent to stand trial was against the manifest weight of the evidence. We disagree.

{¶9} An appellate court will not disturb a competency determination if there was "some reliable, credible evidence supporting the trial court's conclusion that appellant understood the nature and objective of the proceedings against him." *State v. Williams,* 23 Ohio St.3d 16, 19 (1986). "[T]he adequacy of the data relied upon by the expert who examined the appellant is a question for the trier of fact." *Id.*

{¶10} In *In the Matter of, Kristopher F.,* 5th Dist. Stark No. 2006CA00312, 2007-Ohio-3259, ¶ 25, this court explained the following:

Pursuant to R.C. 2945.37(G), a "defendant is presumed competent to stand trial unless it is proved by a preponderance of the evidence in a hearing under this section that because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or presently assisting in his defense." In *Dusky v. U.S.* (1960),

362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824, the Supreme Court stated that the test for competency is whether the defendant has a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of proceeding against him." See also, *In re Anderson,* Tuscarawas App. No. 2001AP030021, 2002-Ohio-776, appeal not allowed, 95 Ohio St.3d 1474, 2002 Ohio 2444, 768 N.E.2d 1182.

{¶11} "Preponderance of the evidence" is "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not." *Black's Law Dictionary* 1182 (6th Ed.1990).

{¶12} The trial court was presented with two expert psychological opinions, one from Robert Devies, Ph.D. and one from Lynn Luna Jones, Ph.D. Appellant argues Dr. Devies's opinion is more compelling than the opinion of Dr. Jones.

{¶13} Our brethren from the Fourth District in *State v. Merryman,* 4th Dist. Athens No. 12CA28, 2013-Ohio-4810, ¶ 30, explained the following in reviewing a competency determination involving opposing expert opinions:

As the trier of fact, the trial court was in the position to determine the credibility of the expert witnesses. The weight to be given the evidence and the credibility of the witnesses are primarily for the trial court as the trier of fact. *State v. Stewart,* 4th Dist. Gallia No.91 CA24, 1992 WL 174699 (July

22, 1992) citing *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E. 212 (1967). The adequacy of the "data relied upon by the expert who examined [the defendant] is a question for the trier of fact." *Id.* "Deference on these issues should be given 'to those who see and hear what goes on in the courtroom.' " *State v. Were,* 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263 quoting *State v. Cowans,* 87 Ohio St.3d 68, 84, 1999-Ohio-250, 717 N.E.2d 298 (1999). A trial court is permitted to disagree with an expert's opinion on competency where the trial court's decision is support by evidence in the record and by the court's own observations of the defendant. *Were,* 118 Ohio St.3d at 456, 890 N.E.2d 263, 2008–Ohio–2762 at ¶ 52.

{¶14} Dr. Devies testified appellant had an IQ of 53. September 23, 2015 T. at 7. He explained a low IQ "sets a standard that suggests it is more likely than not a person is not competent." *Id.* at 8. The mean IQ for people found not to be competent is 57 or 58. *Id.* at 9. While Dr. Devies believes IQ is a prime factor, he looks to other comorbid conditions, i.e., autistic spectrum disorders and drug addiction. *Id.* at 10. Appellant has a history of Aspergers and a drug addiction that requires Suboxone therapy. *Id.* at 10-11. Dr. Devies opined given appellant's lifelong cognitive challenges and his developmental disorder, he could not be restored to competency within one year. *Id.* at 12. Dr. Devies also opined appellant's autism disorder affected his memory which could impact his ability to be of assistance to his trial counsel, as it would be "almost near impossible" for appellant "to have good recall and to be of assistance to counsel." *Id.* at 14-15.

{¶15} Dr. Jones diagnosed appellant with an "intellectual disability" and concurred his IQ could be 53. October 6, 2015 T. at 6, 10, 15-16. She classified appellant's intellectual disability as "mild" and his "opiate use disorder" as "severe." *Id.* at 10, 11. Appellant responded slowly to questions, but appeared to be cooperative. *Id.* at 12, 13. Appellant was administered the Competency Assessment for Standing Trial for Defendants with Mental Retardation. *Id.* at 18. The test has three sections: 1) basic legal concepts, 2) skills to assist defense, and 3) understanding case events. *Id.* at 18-19. Appellant scored high, "for a total of 94 percent correct," that score being "much higher than the average mean score of Defendants with mental retardation that were found competent to stand trial." *Id.* at 19. Dr. Jones stated appellant "was able to tell me not only what happened at point one back in, I don't know, 2011 maybe when the police first spoke to him about the case, and also what happened in 2015 when it came back up again." *Id.* at 24. Appellant was able to relate to Dr. Jones the five year old allegations. *Id.* at 25. Dr. Jones explained the basis for her opinion in finding appellant competent to stand trial as follows (*Id.* at 28-29):

THE WITNESS: Well, two things, Your Honor. First, I gave him the sort of structured interview like I would to a Defendant of any level of IQ, and he did stellar on it as far as I was concerned in just the open-ended questions part. I was incredibly impressed, for example, his definition of not guilty and how he understood that they were going to find evidence and reasonable doubt if I did it or not. I don't get people of much higher IQ than him giving answers like that. And then getting the 94 percent on that other

instrument, to me - - I am not hundred percent but I am pretty sure it's the highest score that I have ever given that test to an individual with mental retardation has ever obtained.

{¶16} As noted above, the trial court is in the best position to evaluate the opinions of both experts and consider the underlying basis for their opinions. Also, the trial court had the opportunity to observe the demeanor of appellant and his relationship to his attorney.

{¶17} While Dr. Devies premised his opinion on the belief that appellant's low IQ, autistic spectrum disorder, and drug addiction rendered him incompetent, Dr. Jones rested her opinion on appellant's ability to perform in a "stellar" fashion on the open-ended questions related to case events and ability to participate in his defense.

{¶18} At the conclusion of the hearing, the trial court determined the following (October 6, 2015 T. at 34-35):

Obviously from my questions of Dr. Jones it was apparent my primary concern here, given the IQ testing, was the ability to assist his counsel in his Defense, and thus my questions relating back five years. This isn't a five-month, five-week, five-day situation. This is five years, and that was troublesome to the Court given the rest of the report.

And the primary thing I wanted to have addressed, which it was, clearly questions were asked that satisfied Dr. Jones. The performance on the additional tests given by this Defendant, the ability to relate medical

terminology, all of this has led the Court to believe that, number one, he understands the nature of the proceedings, the pleas, he's able to relate that.

And secondly and most importantly, the Court finds that he is able to assist his counsel in his Defense, and accordingly is, in fact, competent to stand trial.

{¶19} Upon review, we find the preponderance of the evidence supports the trial court's determination of competency.

{¶20} The sole assignment of error is denied.

{¶21} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

SGF/sg 502